**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| KAREN L. BURKS,<br><br>Plaintiff,<br><br>vs.<br><br>BROWN UNIVERSITY,<br><br>Defendant. | C.A. No. 1:25–cv–00251–MSM–AEM |

**BROWN UNIVERSITY'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Brown University ("Brown") hereby answers the allegations set forth in Plaintiff Karen L. Burks' First Amended Complaint and sets forth affirmative defenses below.

## I. Introduction[1]

The Paragraph under this heading is not a factual allegation to which a response is required. To the extent a response to is required, Brown denies the unnumbered Paragraph.

## II. Parties

1. Brown is without the requisite knowledge or information sufficient to form a belief about the truth of the allegation in this Paragraph and therefore denies it.

2. Admitted.

## III. Jurisdiction

3-4. Paragraphs 3 and 4 state legal conclusions to which no responses are required. To the extent responses are required, their allegations are denied.

[1] Solely for ease of reference and without admitting or denying their accuracy, Brown employs in this Answer the majority of the same headings as those used by Plaintiff in her First Amended Complaint. To the extent responses are required to any of the headings, they are denied.

## IV. Venue

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, its allegations are denied.

## V. Exhaustion of Administrative Remedies

6. Denied, except to admit that Plaintiff filed a Charge of Discrimination ("Charge") on November 28, 2023 with the Commission for Human Rights and the Equal Employment Opportunity Commission. Brown denies the remaining allegations in this Paragraph to the extent they are inconsistent with the text of the Charge.

7-8. Brown is without the requisite knowledge or information sufficient to form a belief about the truth of the allegations in these Paragraphs and therefore denies them.

9. Admitted.

10. Brown is without the requisite knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and thus denies them, except it admits that the Equal Employment Opportunity Commission issued a Right to Sue Letter on May 20, 2025.

11-12. Paragraphs 11 and 12 state legal conclusions to which no responses are required. To the extent response are required, their allegations are denied.

## VI. Materials Facts

### *Factual Background*

13-16. Admitted.

17. Denied.

18. Denied, except to admit that during the entire course of her employment with Brown, Plaintiff worked overtime hours in more than one week.

19-20. Admitted.

21-24. Denied.

***Approved Accommodation***

25-26. Denied.

27-33. Brown is without the requisite knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 27 through 33 and thus denies them.

34. Denied.

35-38. Denied, except to admit that Brown received an FMLA certification for Plaintiff in or about January 2020, the terms of which speak for themselves. Brown denies any allegations in Paragraphs 35 through 38 that are inconsistent with what the certification said.

39. Denied, except to admit that Brown granted Plaintiff's request for FLMA leave, which authorized Officer Burks to arrive late to work up to a certain number of times per month when her ADHD caused the lateness.

40. Denied, except to admit that as of January 2020, Plaintiff was not required to call ahead of her shift by any certain time, but that such circumstances changed when Plaintiff failed to notify her supervisors of her tardiness, whatsoever, until her tardy arrival.

41. Denied, except to admit that Brown had a written tardiness policy during this time, the terms of which speak for themselves. Brown denies any allegations in Paragraph 41 that are inconsistent with the policy's terms.

42. Denied, except to admit that for a temporary period, Brown did not enforce its attendance policy as it ordinarily would in consideration of the impact the COVID-19 pandemic had on the workplace.

43-44. Admitted.

***First Discriminatory and Retaliatory Act—PIP Imposed***

45. Denied, except to admit that DPS held a meeting with Plaintiff on January 31, 2022.

46. Admitted.

47. Denied, except to admit that Brown provided Plaintiff with a PIP in writing on January 31, 2022, the terms of which speak for themselves. Brown denies any allegations in Paragraph 47 that are inconsistent with the PIP's terms.

48. Denied.

49. Denied, except to admit that Plaintiff clocked in to work later than her scheduled shift time a total of six (6) times.

50-52. Denied, except to admit that Plaintiff would not have communicated with Ms. Flynn during this time because communications regarding Plaintiff's PIP flowed up the chain of command through Plaintiff's supervisors and managers.

53. Denied, except to admit that Plaintiff applied for workplace accommodation of intermittent leave through the University's Broadspire administrator.

54-55. Denied, except to admit that Brown received a certification from Dr. Lieberman on or about March 4, 2022, the terms of which speak for themselves. Brown denies any allegations in Paragraphs 54 and 55 that are inconsistent with the certification's terms.

56. Denied.

57. Denied, except to admit that Ms. St. Onge was a primary point of contact for Plaintiff with regard to Plaintiff's accommodation request.

58. Denied, except to admit that Plaintiff's accommodation request resulted in Plaintiff's continued approved use of intermittent FMLA leave.

59-60. Admitted.

61-63. Denied, except to admit that an email correspondence was exchanged on April 12, 2022 between Ms. Chester and Lieutenant Carvahlo, the text of which speaks for itself.

64. Denied, except to admit that Ms. St. Onge sent an e-mail on or about April 13, 2022 that acknowledged Plaintiff's FMLA leave for two (2) times per month for half an hour to an hour for each episode.

***Second Discriminatory and Retaliatory Act—First Suspension Imposed***

65-66. Admitted

67. Denied.

68-69. Denied.

70. Denied, except to admit that Plaintiff was more than seven (7) minutes late on two occasions.

71. Denied.

72. Denied, except to admit that Plaintiff communicated her allegation and complaint that the suspension violated her rights under the Contract.

73-77. Denied, except to admit that Plaintiff was directed to inform her supervisor of her tardiness prior to leaving her home to go to her scheduled work shift.

78-79. Admitted.

***Third Discriminatory and Retaliatory Act—Unilateral Change to FMLA/ADA Accommodation for Disability***

80. Brown is without knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and thus denies them, except to admit that Brown received a certification from Dr. Lieberman on or about May 2, 2022, the terms of which speak

for themselves. Brown denies any allegations in Paragraph 80 that are inconsistent with the certification's terms.

81-82. Denied, except to admit that Ms. St. Onge, Brown's Leave and Accommodation Manager, sent Plaintiff an e-mail on or about May 16, 2022, the terms of which speak for themselves. Brown denies any allegations in Paragraphs 81 and 82 that are inconsistent with the e-mail's terms.

83. Admitted.

***Fourth Discriminatory and Retaliatory Act and Interference with FMLA Rights – Denial of Grievance***

84-85. Denied, except to admit that on or about May 12, 2022, Plaintiff filed a Step-3 Grievance, the terms of which speak for themselves. Brown denies any allegations in Paragraphs 84 and 85 that are inconsistent with the grievance's terms.

86-87. Denied, except to admit that Ms. Hospedales issued a decision on behalf of Brown denying Plaintiff's grievance on or about July 18, 2022, the terms of which speak for themselves. Brown denies any allegations in Paragraphs 86 and 87 that are inconsistent with the decision's terms.

88. Admitted.

89. Denied, except to admit that Plaintiff's PIP concluded, and that Plaintiff was seven (7) or more minutes late on two (2) separate occasions from May 1, 2022 through June 7, 2022.

90. Denied, except to admit that from May 1, 2022 through June 7, 2022 Plaintiff was at least one (1) minute late on fifteen (15) separate occasions, two (2) occasions of which were seven (7) or more minutes late.

***Fifth Discriminatory and Retaliatory Act—Second Suspension Imposed***

91-92. Denied, except to admit that Plaintiff and her Union's attorney met with Deputy Chief Vinson and Ms. Flynn on or about November 21, 2022.

93. Denied, except to admit that Plaintiff was tardy to or absent from her scheduled work shift altogether on fourteen (14) occasions from September 15, 2022, through November 15, 2022.

94. Denied, except to admit that Ms. Flynn identified the fourteen (14) occasions of tardiness or absence.

95-96. Denied, except to admit that Plaintiff disputed that her fourteen (14) occasions of tardiness or absence fell outside of her approved FMLA leave.

97-99. Denied.

100-101. Denied, except to admit that Ms. Flynn sent Plaintiff an e-mail following the November 21, 2022 meeting, the terms of which speak for themselves. Brown denies any allegations in Paragraphs 100 and 101 that are inconsistent with the e-mail's terms.

102. Denied.

103-104. Denied, except to admit that Ms. Flynn sent Plaintiff an e-mail on or about November 21, 2022, the terms of which speak for themselves. Brown denies any allegations in Paragraphs 103 and 104 that are inconsistent with the e-mail's terms.

105. Denied, except to admit that Brown confirmed that on October 30, 2022 Plaintiff was off-duty, and that Plaintiff's tardiness on November 4, 2022 and November 15, 2022 were covered by Plaintiff's use of intermittent FMLA leave.

106-108. Denied, except to admit that Plaintiff sent Ms. Flynn an e-mail on or about November 28, 2022, the terms of which speak for themselves. Brown denies any allegations in Paragraphs 106 – 108 that are inconsistent with the e-mail's terms.

109. Denied, except to admit that from September 15, 2022 through November 15, 2022, Plaintiff was tardy to her scheduled work shifts seven minutes or less on six (6) occasions.

110. Denied, except to admit that Ms. Flynn's November 28, 2022 email response to Plaintiff included the following text: "the practice of allowing officers to be less than five minutes late without a guardian entry or other discipline was discontinued on October 1, when the new policy regarding shift expectations went into place. Any arrival after the top of the hour is considered to be a late arrival."

111. Admitted.

112. Denied, except to admit that Plaintiff was informed that she would be suspended for thirty (30) days for her eleven (11) instances of tardiness from the period September 15, 2022 through November 15, 2022 that were not protected by approved intermittent FMLA leave.

113. Admitted.

114. Denied, except to admit that Deputy Chief Vinson and Ms. Flynn offered to reduce the suspension from thirty (30) days to seven (7) days—with two days to serve and 5 days to be held in abeyance—on the condition that Plaintiff refrain from grieving the suspension imposed.

115. Denied, except to admit that Plaintiff represented to Deputy Chief Vinson and Ms. Flynn that she would agree to the terms offered.

116. Brown is without the requisite knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116 and thus denies them.

117. Denied, except to admit that Plaintiff sent a reply to Ms. Adams, the terms of which speak for themselves. Brown denies any allegations in Paragraph 117 that are inconsistent with the reply's terms.

118. Brown is without the requisite knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118 and thus denies them.

119. Denied.

120. Denied, except to admit that Plaintiff spoke with Ms. Adams about the content of the December 5, 2022 suspension letter.

121. Denied, except to admit that Plaintiff requested a meeting with Vice President Chatman to discuss the content of the December 5, 2022 suspension letter.

122. Denied, except to admit that Ms. Adams arranged a telephone meeting with Plaintiff and Vice President Chatfield during which Plaintiff raised objections to the content of the December 5, 2022 suspension letter.

123. Denied, except to admit that Vice President Chatfield advised Plaintiff that if Plaintiff objected to the content of the December 5, 2022 suspension letter, she should email Ms. Flynn and Deputy Chief Vinson, but her objections to three of the dates listed in the December 5, 2022 letter did not explain away the remaining dates or obviate the need for Plaintiff to arrive to her scheduled shifts on time.

124-125. Admitted.

126-127. Denied, except to admit that Plaintiff sent an e-mail to Deputy Chief Vinson, Ms. Flynn, and Vice President Chapman dated December 15, 2025.

128-129. Denied, except to admit that Ms. Flynn sent Plaintiff an email on December 10, 2022, the text of which speaks for itself.

130. Denied, except to admit that on December 12, 2022, Deputy Chief Vinson delivered a letter to Plaintiff, the terms of which speak for themselves. Brown denies any allegations in Paragraph 130 that are inconsistent with the letter's terms.

131. Denied, except to admit that Plaintiff communicated to Deputy Chief Vinson her objection to the basis for the suspension.

132. Denied, except to admit that Plaintiff filed a Step-3 grievance on or about December 19, 2022, the terms of which speak for themselves. Brown denies any allegations in Paragraph 132 that are inconsistent with the grievance's terms.

133-134. Denied, except to admit that on or about January 5, 2023, Ms. Hospedales issued a decision on behalf of Brown, the terms of which speak for themselves. Brown denies any allegations in Paragraphs 133 and 134 that are inconsistent with the decision's terms.

135-138. Denied.

***Sixth Discriminatory and Retaliatory Act—Unilateral and Arbitrary Change in Accommodation***

139-141. Admitted.

142-144. Denied, except to admit that Ms. Flynn had instructed Plaintiff that Plaintiff must make the phone call notifying her supervisor of her tardiness prior to leaving her house.

145-146. Denied, except to admit that on or about March 28, 2023, Ms. Flynn sent Plaintiff an e-mail, the terms of which speak for themselves. Brown denies any allegations in Paragraphs 145 and 146 that are inconsistent with the e-mail's terms.

147-148. Denied.

### *Seventh Discriminatory and Retaliatory Act—Termination*

149. Denied, except to admit that on May 15, 2023, Plaintiff notified Sergeant Allsworth that she would be tardy for her scheduled work shift and that the reason for her tardiness was not related to symptoms caused by her ADHD.

150. Admitted.

151. Denied.

152.-156. Admitted.

157. Denied, except to admit that during the May 31, 2023 meeting, Brown provided Plaintiff with a letter of the same date, the text of which speaks for itself.

158. Denied, and denied as to subparts (a) through (c).

159. Denied to the extent that the allegations are inconsistent with the text of the May 31, 2023 letter, which speaks for itself.

160. Denied to the extent that the allegations are inconsistent with the text of the May 31, 2023 letter, which speaks for itself.

161. Denied, except to admit that Plaintiff voiced her objections to the content of the May 31, 2023 letter and the potential for discipline, which included the allegation that Plaintiff's tardiness was outside of her control.

162. Denied, except to admit that Plaintiff voiced her objections to the content of the May 31, 2023 letter and the potential for discipline, which included an allegation that she notified supervisors, as she claimed, as soon as she could.

163. Denied, except to admit that Plaintiff voiced her objections to the content of the May 31, 2023 letter and the potential for discipline, which included a reassertion that she effectively elected to apply FMLA leave time to cover her tardiness on May 15, 2023.

164. Denied, except to admit that Plaintiff voiced her objections to the content of the May 31, 2023 letter and the potential for discipline, which included an allegation that she called supervisors even if she was not sure she would be late, and that she always clocked in.

165.-167. Denied.

168.-173. Admitted

174. Denied.

**VII. <u>Interference and Retaliation in Violation of the FMLA and RIPFMLA</u>**

175.-178. Denied.

**VIII. <u>Disability Discrimination in Violation of the ADA, CRPD, FEPA, and RICRA</u>**

179.-197. Denied.

**IX. <u>General Employment Law Allegations</u>**

198.-201. Denied.

**X. <u>Causes of Action</u>**

202. Brown asserts and incorporates by reference all of the foregoing responses as if fully set forth in this Paragraph.

**<u>Count One</u>**
**Family Medical Leave Act**
**29 U.S.C. §. 2601, *et seq*.**
***Interference, Retaliation, and Discrimination***

203. Denied.

**<u>Count Two</u>**
**Rhode Island Parental and Family Medical Leave Act**
**R.I. Gen. Laws § 28-41-1, *et seq*.**
***Interference, Retaliation, and Discrimination***

204. Denied.

**Count Three**
**Americans with Disabilities Act**
**42 U.S.C. §. 12101, *et seq*.**
***Discrimination, Failure to Accommodate, and Retaliation/Interference***

205. Denied.

**Count Four**
**Rhode Island Fair Employment Practices Act**
**R.I. Gen. Laws § 28-5-1, *et seq*.**
***Discrimination, Failure to Accommodate, and Retaliation/Interference***

206. Denied.

**Count Five**
**Civil Rights of People with Disabilities**
**R.I. Gen. Laws § 42-87-1, *et seq*.**
***Discrimination, Failure to Accommodate, and Retaliation/Interference***

207. Denied.

**Count Six**
**Rhode Island Civil Rights Act of 1990**
**R.I. Gen. Laws § 42-112-1, *et seq*.**
***Discrimination, Failure to Accommodate, and Retaliation/Interference***

208. Denied.

## XI. Prayers for Relief

The Paragraph beginning "WHEREFORE" is a prayer for relief to which no response is required. To the extent one is, Brown denies it, including its subparagraphs 1 through 8, and denies Plaintiff's claims and that she is entitled to any damages, costs, fees, or other relief.

## BROWN UNIVERSITY'S AFFIRMATIVE DEFENSES

Plaintiff's claims for relief are barred, in whole or in part, based on the following affirmative defenses:

1. Plaintiff has not stated a claim upon which relief may be granted.

2. Brown's actions concerning Plaintiff's employment were at all times legitimate, nondiscriminatory, taken in good faith (including, but not limited to, Brown's good faith engagement in the interactive process), lacking in discriminatory and retaliatory motive/purpose/means, were justified by business necessity, and lawful.

3. Brown's actions concerning Plaintiff's employment were based on honest and justifiably reasonable beliefs that Plaintiff was not entitled to, did not adequately justify, was misusing, or was being untruthful about her entitlement to medical leave.

4. Plaintiff was not a qualified individual with a disability and was not able to perform the essential functions of her job with or without a reasonable accommodation.

5. Plaintiff failed to engage in the interactive process.

6. Plaintiff's requested accommodation, if any such request was ever properly made (which Brown does not concede), was not reasonable and caused Brown to endure an undue hardship or was otherwise not feasible due to business necessity.

7. Brown exercised reasonable care to prevent and, if necessary, correct unlawful discrimination (if any), and Plaintiff failed to reasonably take action in response to the harm she alleged that she suffered.

8. Brown is presumed to have acted lawfully because it permitted Plaintiff to exercise her legal rights prior to her lawful termination.

9. Plaintiff's claims are barred to the extent that she failed to exhaust administrative remedies that were available to her.

10. Plaintiff's claims are barred because Brown would have taken the same actions for lawful reasons independent of any alleged wrongful motivation.

11. Brown did not give preferential or otherwise disparate treatment to employees who were similarly situated to Plaintiff but outside Plaintiff's protected category(ies).

12. Plaintiff has not suffered any damages as a result of Brown's actions.

13. To the extent Plaintiff suffered any damages, she has failed to mitigate them. In the alternative, to the extent Plaintiff has mitigated her damages, Brown is entitled to a set-off.

14. Plaintiff is not entitled to some or all of the relief requested in her Complaint because, even if any unlawful practice or conduct occurred, which Brown specifically denies, such practice or conduct was prohibited by applicable policy and was not committed, authorized, or approved by Brown.

15. Brown is not liable to the extent that any individual employee acted outside the course and scope of their employment.

16. Plaintiff's claims are barred to the extent her alleged damages, if any, were proximately caused by or contributed to by acts, omissions, assumptions, misunderstandings, mistakes, failures, and/or breaches of other legal duties of Plaintiff—including her failure to provide timely and/or adequate justification and documentation supporting her request for medical leave, if any was made—with no contribution from Brown.

17. No alleged act or omission of Brown was willful, knowing or in reckless disregard of the provisions of the law, and Plaintiff is not entitled to penalty, multiplication of or addition to damages (including punitive damages), or attorney's fees.

18. Brown reserves the right to add additional affirmative defenses as may arise from discovery.

Respectfully submitted,

BROWN UNIVERSITY,

By its Attorneys,

/s/ *Matthew H. Parker*
/s/ *Kevin W. Stone, Jr.*

Matthew H. Parker (#8111)
Kevin W. Stone, Jr. (#10843)
WHELAN CORRENTE & FLANDERS LLP
100 Westminster Street, Suite 710
Providence, RI 02903
Tel.: (401) 270-4500
Fax: (401) 270-3760
mparker@whelancorrente.com
kstone@whelancorrente.com

Dated: November 12, 2025