**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KAREN L. BURKS,** <br> **Plaintiff** | : | |
| | : | |
| **V.** | : | **C.A. NO.: 1:25-cv-00251-MSM-AEM** |
| | : | |
| **BROWN UNIVERSITY,** <br> **alias,** <br> **Defendant** | : | |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Karen L. Burks ("Plaintiff") and Brown University ("Defendant") (collectively, the "Parties"), have agreed that the proceedings in this case, Civil Action No. 1:25-CV-00251-MSM-AEM (the "Action") may involve discovery and use of confidential, proprietary, and/or otherwise privileged information, documents, and materials. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties hereby stipulate and agree that the documents and information produced in this Action shall be subject to the following terms and conditions of this agreed upon Protective Order ("Protective Order"):

1. This Protective Order shall govern all discovery, motion, trial, and post-trial proceedings in this Action.

2. As used in this Order, "Confidential Information" or "confidential discovery material" means information designated as "CONFIDENTIAL" by the Producing Party that falls within one or more of the following categories: (a) Plaintiff's medical and financial records and information; (b) medical records and information of any other Defendant employee, including, but not limited to, information regarding requested or proposed accommodations; (c) proprietary, confidential business or commercial information; (d) confidential or sensitive information relating to personnel and/or personnel records of current or former employees; and (e) any other

information that the parties to the action mutually agree should be treated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

The designation of material by a party as "CONFIDENTIAL" shall constitute a representation by that party that the designated material has been reviewed by an attorney for the Producing Party, that the attorney reviewed this Protective Order, and that the attorney made a good faith effort to make the appropriate confidentiality designation. The Producing Party shall have the burden of proving that there is good cause for such designation.

3. At any time, the Producing Party may designate all or any part of discovery material as "CONFIDENTIAL" to be treated in accordance with the provisions of this Protective Order. Such designation shall be in writing either in a letter identifying the discovery material(s) being designated as "CONFIDENTIAL," or by placing a "CONFIDENTIAL" legend, watermark, stamp, or other appropriate mark on the discovery material itself.

4. In the case of a deposition or other testimony, testimony containing Confidential Information shall be designated "CONFIDENTIAL" either at the time of testimony or within one week of receipt of the written transcript. Until such designations are made, the transcript must not be disclosed by the Receiving Party to persons other than those persons named or approved according to Paragraph 5 herein.

At any time during the taking of a deposition on oral examination, counsel for the Producing or Designating Party may state that a particular line of questioning should be treated as "CONFIDENTIAL," as in the case of written disclosures of information covered by Paragraph 2 above. Counsel for the parties shall then determine whether the line of questioning should be carried out with the following conditions:

a. The reporter may be instructed to transcribe the questions and answers separate from the transcript for the remainder of the deposition, which pages shall be marked as "CONFIDENTIAL" (in which case no additional subsequent designation shall be required following receipt of the transcript); and/or,

b. Any other conditions mutually agreeable to the parties to protect the confidential status of the information.

5. "CONFIDENTIAL" material shall only be disclosed to or discussed with the following persons to the extent that their knowledge of such confidential material is necessary for the prosecution, defense, or settlement of this matter:

a) Parties;

b) Counsel of record for the parties of record in this matter and the partners, associates and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

c) Court personnel (including court reporters);

d) Commercial photocopying/print firms or ESI vendors engaged by a party to provide copying, printing or ESI-related services in connection with the prosecution, defense or settlement of this matter;

e) Deponents and/or trial witnesses;

f) Jurors in the court room at the time of submission, disclosure, or testimony relative to Confidential Information or confidential discovery material;

g) Experts, consultants (including independent experts), and investigators, including the employees of such experts, consultants, or investigators, who are employed, retained, or otherwise consulted by counsel or a party for the purpose of giving advice or testimony in this matter. Access to confidential material shall be limited to what is reasonably required in the role of expert, consultant, and investigator. Such persons must agree in writing to be bound by the terms of this Protective Order;

h) Litigation support firms retained by counsel or a party in order to assist in the prosecution or defense of this matter. Access to confidential material shall be limited to that which the litigation support firms reasonably require in their roles as

litigation support firms. Such persons must agree in writing to be bound by the terms of this Protective Order;

i) Other persons authorized by the Court upon a showing of good cause.

6. Any party who wishes to file with the Court any pleading, brief, memorandum, motion, letter, affidavit, or other document that constitutes, discloses, characterizes or otherwise communicates "CONFIDENTIAL" material must seek authorization from the Court to file the material confidentially, unless the Producing Party waives this requirement by filing such material publicly and/or agrees that the material can be filed publicly.

7. The inadvertent or unintentional production of documents containing, or other disclosure of, confidential, proprietary, or secret information without being designated "CONFIDENTIAL" at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

8. The restrictions provided in this Protective Order shall apply solely to this litigation. These restrictions shall not terminate with this litigation but shall continue until further order of the Court; provided, however, that this Protective Order shall not be construed (a) to prevent any party or its respective counsel, or any person receiving material designated "CONFIDENTIAL" pursuant to this Protective Order, from making use of information that was previously and lawfully in the possession of such party; or (b) to apply to information that is or was public knowledge at the time of or prior to disclosure in this litigation, or that, after such disclosure, becomes public knowledge other than by violation of this Protective Order.

9. If, upon review of discovery information designated "CONFIDENTIAL," the non-producing party objects to the designation, it shall notify the Producing Party in writing and explain the basis of the objection. The Producing Party that designated a document as "CONFIDENTIAL"

shall, within 7 business days after receipt of the non-producing party's notice, make a good faith determination as to whether the designation at issue should be changed and notify the non-producing party of its determination. If the dispute cannot be resolved informally, the non-producing party may seek appropriate relief from the Court pursuant to the procedures concerning discovery disputes. The Producing Party that made the challenged designation shall have the burden of proving the propriety of the designation. The challenged designation shall remain in effect unless and until otherwise ordered by the Court and for ten (10) days thereafter. The time limits set forth in this paragraph may be modified by agreement of the parties.

10. Any party to this Protective Order may agree in writing to waive this Protective Order with respect to any discovery material it has designated as "CONFIDENTIAL." No waiver pursuant to this paragraph shall constitute, or have the effect of, a waiver of the confidentiality or privilege of any material other than specifically identified therein. This Protective Order shall not prejudice the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order. This Protective Order shall not prejudice the right of any party to seek relief from the Court at any time from any of the provisions hereof, or to bring before the Court at any time the question of whether or not any particular information is in fact confidential or proprietary, or admissible or relevant to the subject matter of this litigation, or whether or not its use should be restricted in any way, or to present a motion to the Court for entry of a separate order as to any information differing from that specified herein. The burden of proof in any such motion shall be on the Producing Party to justify the appropriateness of the "CONFIDENTIAL" designation. Material deemed or designated "CONFIDENTIAL" shall maintain that designation for all purposes unless and until the Court rules to the contrary and for ten business days thereafter.

11. Nothing in this Protective Order constitutes a finding or an admission that any of the information designated "CONFIDENTIAL" by any party is confidential under the law or otherwise, and nothing herein shall prevent any party from contending that any or all such information is not confidential information protected by law.

AGREED UPON BY:

KAREN L BURKS,

By her attorneys,

/s/ *Michael R. Ferron*
Michael R. Ferron, Esq. (#9764)
Danilo A. Borgas, Esq. (#9403)
Chloe A. Davis, Esq. (#9334)
Richard A. Sinapi, Esq. (#2977)
SINAPI LAW ASSOCIATES, LTD.
2374 Post Road, Suite 201
Warwick, RI 02886
mrf@sinapilaw.com
dab@sinaplaw.com
cad@sinapilaw.com
ras@sinapilaw.com

BROWN UNIVERSITY

By its attorneys,

/s/ *Matthew H. Parker*
Matthew H. Parker, Esq. (#8111)
Kevin W. Stone, Jr., Esq. (#10843)
WHEALAN CORRENTE & FLANDERS
100 Westminster Street, Suite 710
Providence, RI 02903
mparker@whelancorrente.com
kstone@whelancorrente.com

Dated: May 15, 2026

**CERTIFICATION OF SERVICE**

I, the undersigned, hereby certify that the within document has been electronically filed with the Court through the ECF system on May 15, 2026, and that it is available for viewing and downloading. I also caused a true and accurate copy of the within document to be served through the ECF system on the parties and/or counsel of record.

/s/ *Michael R. Ferron*